# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMARIOL DONTAYE BOYKIN,

Defendant-Appellant.

UNPUBLISHED
March 20, 2018

No. 335862
Kent Circuit Court
LC No. 03-004460-FC

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. In *People v Wines*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336550); slip op at 4, we held that when sentencing a person who was less than 18 years old at the time of the crime, the court should balance the factors set out in *People v Snow*, 386 Mich App 586; 194 NW2d 314 (1972), and in that context, consider the attributes of youth such as those articulated by the Supreme Court in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).[1] In this case, the sentencing judge was either unwilling or unable to do so.[2] Accordingly, I would vacate defendant's sentence and remand for sentencing before a different judge.

At the sentencing, the judge had no opportunity to consider *Wines* as it had not yet been decided, but he repeatedly expressed strong disagreement with the decision in *Miller*, which he understood to be controlling.[3] A judge's personal disagreement with a United States Supreme

---

[1] *Snow* held that in imposing sentence, the court should "balance" the following objectives: "(1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses." *Id*. at 592 (citation omitted). The process of properly balancing these objectives in the case of a minor defendant necessitates consideration of the distinctive attributes of youth.

[2] Although *Wines* had not yet been decided, the trial court discussed *Miller* and viewed it as controlling.

[3] As we held in *Wines*, *Miller's* constitutional holding is only applicable when a defendant can be sentenced to life without parole. *Wines*, ___ Mich App at ___; slip op at 4.

Court's decision is neither unusual nor improper. But in this case, the judge did not merely note his disagreement; rather, he seemed to advocate a campaign to get the Supreme Court to reverse itself. In speaking with the victim's family, he referenced "the pain you continue to suffer, especially in light of the decision of the U.S. Supreme Court." He went to on to encourage the victim's family to get a transcript of the resentencing and "send it to the majority of the United States Supreme Court so they can understand the consequences of their far-reaching decision . . . ." After another family member spoke, the judge reiterated his advice stating, "I can encourage you to express this message to the United States Supreme Court and the justices who made this resentencing possible." Finally, he stated that "it strains and breaks my heart to do what I'm mandated to do."

The judge's unwillingness to consider the attributes of youth in sentencing defendant was more explicitly demonstrated after the victim's brother expressed his view that "[y]ou [are] a grown man at 16. That's how I was raised." The trial court responded to this statement by saying, "I can't argue with you." A family member of the victim has every right to express his view to the trial court and he has no obligation to surrender his views on punishment in deference to an appellate court. The trial court is so obligated, however. The judge's explicit agreement with the view that a 16 year old is a "grown man" leaves little doubt that he either did not understand *Miller* or was unwilling to follow it.

Further, on several occasions, the trial court noted that defendant was only 80 days short of his 18th birthday when the crime occurred, and suggested that his proximity to that birthday lessened the need to consider the attributes of youth. This is plainly wrong. *Miller* defines a bright line at age 18, which we adopted in *Wines*. The judge repeated this view twice more during sentencing, stating that the defendant was "far older" than the defendants in *Miller*. Perhaps, most compelling was the trial court's conclusion that "[t]he defendant was certainly of a mature age and cannot blame youth or immaturity . . . for this conduct." The trial court's conclusion that at age 17, the "defendant was certainly of a mature age" is *completely* contrary to *Miller* in which the Supreme Court opined:

> [Minors] are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform, we explained, they are less deserving of the most severe punishments. Those cases relied on three significant gaps between juveniles and adults. First, children have a lack of maturity and an undeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. Second, children are more vulnerable . . . to negative influences and outside pressures, including from their family and peers; they have limited control over their environment and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievabl[e] deprav[ity]. [*Miller*, 567 US at 471 (quotation marks and citations omitted).

My colleagues point out that the sentencing judge stated that he would apply *Miller* despite his disagreements with it. His other statements, however, palpably demonstrate that he

was either unable or unwilling to do so.  Accordingly, I would vacate defendant's sentence and remand for resentencing before a different judge.

/s/ Douglas B. Shapiro